### SCHWARZ v. FAMILY FUND SOC.

(*Superior Court of New York City, General Term.*   January 5, 1891.)

APPEAL—OBJECTIONS NOT RAISED BELOW.
    At the close of the evidence on a trial, the court directed a verdict for plaintiff, and ordered that "the exceptions taken during the trial be heard in the first instance at general term."   The case before the general term did not show that defendant ex-cepted to the direction of the verdict.   *Held*, that without such exception the ver-dict could not be disturbed, and the exceptions taken during the trial became imma-terial.

Exceptions from jury term.

Action by Lida C. Schwarz against the Family Fund Society.   The court directed a verdict for plaintiff, and ordered the exceptions taken to be heard in the first instance at the general term.

Argued before SEDGWICK, C. J., and FREEDMAN, J.

*Blumenstiel & Hirsch,* for plaintiff.   *Charles S. Noyes,* for defendant.

FREEDMAN, J.   The action was brought by the plaintiff as the beneficiary un-der a policy for the sum of $5,000 issued by defendant on the life of Louis Schwarz, her husband, who died July 17, 1889.   The defense was a general denial, and a justification of defendant's refusal to pay because of alleged false representations in obtaining a reinstatement of the policy.   At the trial, evi-dence was given on both sides, and, upon the close of the evidence, plaintiff's counsel moved that a verdict be directed for the plaintiff on certain grounds, which he stated.   The court granted the motion, and directed the jury to find a verdict for the plaintiff for the sum of $5,164.99, and the jury rendered a ver-dict accordingly.   The court thereupon ordered "that the exceptions taken during the trial be heard in the first instance at general term, and that the entry of judgment upon the verdict aforesaid be suspended in the mean time, and until the hearing and decision of the general term of this court upon the said exceptions."   The case fails to show that the defendant excepted to the direction of the verdict.   There are but two cases in which the proceedings upon the trial before a court and jury can be reviewed at general term in the first instance, and before judgment.   One is where the unsuccessful party de-sires to move for a new trial upon exceptions taken by him upon the trial, and the trial judge directs that such motion upon said exceptions be heard in the first instance at general term, and that the entry of judgment be sus-

pended until the decision of the general term. The other case is where, upon the trial, an uncontroverted state of facts is presented, involving only questions of law, without exceptions on either side to the reception or rejection of evidence, and the judge directs a verdict subject to the opinion of the court at general term. In each of these two cases the jurisdiction of the general term is limited by the order sending the case there. On an appeal from a judgment the jurisdiction of the general term depends upon the notice of appeal. If the notice states that the appeal is from the judgment, only questions of law can be reviewed. If, however, it states that the appeal is from the judgment, and also from the order denying motion for a new trial, questions of facts, as well as of law, may be reviewed.

In the two cases specified in which the general term may consider certain questions before judgment, the order sending the case there takes the place of a notice of appeal, and confines the jurisdiction of the general term to those matters which, under the provisions of the Code of Civil Procedure, may be done under the order. In the case, therefore, of a motion for a new trial after the direction of a verdict upon exceptions, the first requisite for a disturbance of the verdict is that there should be an exception to the direction of the verdict. Without such an exception it must be deemed that the party against whom the verdict was directed, after all, acquiesced in the direction. The necessary consequence of this acquiescence, and of the lack of power in the general term to disturb the verdict, as directed, is that all prior exceptions taken in the course of the trial have become immaterial. The case before us is subject to this criticism. The exceptions must be overruled, and judgment ordered for the plaintiff upon the verdict, with costs.